# EXHIBIT A

Exhibit A 006

Electronically FILED by Superior Court of California, County of Los Angeles on 01/08/2021 04:23 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano, Deputy Clerk
21STCV00774

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

CORE NEXUS LLC., DANIEL LESIN, ALEXANDER LESIN, and DOES 1-20,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

PAGANI BEVERLY HILLS, a California Corporation;

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): STANLEY MOSK COURTHOUSE
111 North Hill St
Los Angeles, CA 90012

**CASE NUMBER:**
(Número del Caso):
**21STCV00774**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Michael Yadegari SBN# 286514  287 South Robertson Blvd # 221 Beverly Hills, CA 90211  (310) 779-9327

Sherri R. Carter Executive Officer / Clerk of Court

DATE: 01/08/2021
(Fecha)

Clerk, by     M. Mariano     , Deputy
(Secretario)                  (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUMMONS

**Exhibit A 007**

21STCV00774
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Laura Seigle

Electronically FILED by Superior Court of California, County of Los Angeles on 01/08/2021 01:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Michael Yadegari (SBN 286514)
287 South Robertson Blvd # 221
Beverly Hills, CA 90211
Telephone: (310) 779-9327

Attorney for:
PAGANI BEVERLY HILLS

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PAGANI BEVERLY HILLS, a California Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>CORE NEXUS LLC., DANIEL LESIN, ALEXANDER LESIN, and DOES 1-20,<br>Defendants. | Case No.: 21STCV00774<br><br>COMPLAINT FOR DAMAGES OF<br>1. FRAUD<br>2. BREACH OF CONTRACT<br>3. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING<br>4. FALSE PROMISE<br>5. MISREPRESENTATION<br>6. UNJUST ENRICHMENT<br>7. CONSTRUCTIVE TRUST |

COMES NOW, the Plaintiff **PAGANI BEVERLY HILLS**, (herein referred to as "Plaintiff") who hereby alleged the following allegations and facts in support of his Complaint:

## INTRODUCTION

1. Plaintiff PAGANI BEVERLY HILLS("PAGANI" and/or "Plaintiff") is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of California, with its principal place of business in Beverly Hills, California.

2. Defendant CORE NEXUS LLC. ("CORE") is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of Montana and is currently active.

Page 1

Exhibit A 008

3. Defendant ALEXANDER LESIN ("ALEXANDER") is an individual and resident of New York. Defendant ALEXANDER is a dominating shareholder of defendant CORE.

4. Defendant DANIEL LESIN ("DANIEL") is an individual and resident of New York. Defendant DANIEL is the dominating shareholder of defendant CORE.

5. The true names and capacities, whether individual, corporate, associate, or otherwise of defendants named herein as Does 1 through 20, inclusive ("Doe defendants"), are unknown to the plaintiff who therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these defendants when the same have been ascertained. Plaintiff is informed and believes that each fictitiously named defendant is responsible in law and in fact for the obligations alleged herein. Plaintiff is informed and believes and thereon alleges that at all relevant times each of the defendants was acting within the scope and course of his or her agency and employment.

6. Personal jurisdiction is proper because the contract was executed and arose out of the County of Los Angeles, California.

7. Personal Jurisdiction is proper because the contract was made in the County of Los Angeles.

## GENERAL ALLEGATIONS

8. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs above.

9. On January 14, 2020, a written agreement was made between CORE, ALEXANDER, and DANIEL both managing shareholders of CORE and PLAINTIFF.

11. On or about January 14th, 2020, Plaintiff gave $300,000 cash to CORE, ALEXANDER and DANIEL the managing shareholder of CORE after he had signed the contract.

12. Plaintiff, PAGANI BEVERLY HILLS has at all times performed the terms of the contract in the manner specified by the contract, but defendants, CORE, DANIEL and ALEXANDER, have failed and refused, and continue to refuse, to tender performance as required by the contract #614103 in that they failed to deliver the Ferrari Monza.

13. Plaintiff requested multiple times repayment of the deposit which Plaintiff gave DANIEL and CORE.

14. Plaintiff would speak to DANIEL, who would misrepresent that they would pay Plaintiff back.

Exhibit A 009

15. At each of these conversations with DANIEL false promises of repayment were made by making up excuses to delay delivery or repayment of deposit.

16. Plaintiff would call, email and text message DANIEL for repayment of the deposit which DANIEL would represent that he would pay Plaintiff back right away but did not and would not refund.

17. It is clear that DANIEL would commingle their funds and use CORE, as a shield against personal liability.

18. Further, it is clear from ALEXANDER and DANIEL act that they contracted with the intent to avoid performance by use of the corporate entity of defendant CORE, as a shield against personal liability.

19. The failure and refusal of defendants, CORE, and DANIEL, to perform their obligations under the contract has severely damaged Plaintiff financially.

20. Further, DANIEL made a representation that the money that Plaintiff was giving a deposit was to be used to buy the Ferrari Monza #104613.

21. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that CORE, is insolvent and is unable to perform its obligations under the contract with Plaintiff.

22. Defendant ALEXANDER and DANIEL are liable for the acts of defendant CORE, alleged in this complaint as its alter ego. Recognition of the privilege of separate existence would promote injustice because defendant ALEXANDER and DANIEL in bad faith dominated and controlled defendant CORE, as follows:

   a. Defendant ALEXANDER and DANIEL commingled funds and other assets of defendant CORE, and their funds and other assets for his own convenience and to assist in evading payment of obligations.

   b. Defendant ALEXANDER and DANIEL diverted funds and other assets of defendant CORE, to other than corporate uses.

   c. Defendant ALEXANDER and DANIEL treated the assets of the defendant CORE, as their own.

   d. Defendant ALEXANDER and DANIEL failed to obtain authority to issue shares or to subscribe to or issue shares of defendant CORE.

Exhibit A 010

e. During negotiations leading to the execution of the contract, defendant ALEXANDER and LESIN represented to plaintiff that he is personally liable for the debts of defendant, CORE.

f. Defendant ALEXANDER and DANIEL failed to maintain minutes or adequate corporate records for the defendants CORE.

g. Defendant ALEXANDER and DANIEL failed to adequately capitalize or provide any assets to defendant CORE.

h. Defendant ALEXANDER and DANIEL used defendant CORE as a mere shell, instrumentality, or conduit for another corporation.

i. Defendant ALEXANDER and DANIEL used defendant CORE, to procure services for themselves.

j. Defendant ALEXANDER and DANIEL contracted with the plaintiff with intent to avoid performance by use of the corporate entity of defendant CORE, as a shield against personal liability.

## FIRST CAUSE OF ACTION FOR FRAUD
### (Against all Defendants)

23. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs above.

24. Plaintiff believes, and thereon alleges, that Defendant, and each of them, intentionally and willfully committed fraud by telling Plaintiff that Plaintiff would receive the Ferrari Monza SP2 for $1,350,000 after receiving a $300,000 deposit.

25. Plaintiff believes and thereon alleges that Defendants and each of them never intended to deliver the Ferrari Monza SP2 or pay Plaintiff his money back.

26. Plaintiff is informed and believes and thereon allege that Defendants conduct, as herein above described, was committed willfully and deliberately to defraud Plaintiff out of self interest and monetary gain.

27. Plaintiff justifiably relied on Defendants representations as hereinabove described

28. As a result of Defendants actions, Plaintiff has not been paid any sums to date. Furthermore, as a result of Defendants actions, Plaintiff is now forced to litigate this matter at substantial cost to the Plaintiff.

Exhibit A 011

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

### (Against all Defendants)

29. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs above.

30. The contract upon which this action is based was made and was to be performed in the County of Los Angeles, State of California

31. Plaintiff believes and thereon allege that on January 14, 2020, Plaintiff and Defendants reached a written agreement

32. Plaintiff has performed all obligations to Defendant.

33. Defendant is the legal and proximate cause of Plaintiff's Damages.

34. Despite Plaintiff's performance of the agreement, to date Plaintiff has not been compensated.

## THIRD CAUSE OF ACTION BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AS TO ALL DEFENDANTS

35. Plaintiff incorporates by this reference all allegations contained in this complaint, as though fully set forth here.

36. As a result of the relationship which existed between plaintiff and defendants, the expressed and implied promises made in connection with that relationship, and the acts, conduct, and communications resulting in these implied promises, defendants, promised to act in good faith toward and deal fairly with plaintiff.

37. All Defendants did not act with good faith or fairness, toward Plaintiff concerning all matters related to the relationship.

38. All Defendants breach the contract without a fair and honest cause, regulated by good faith on defendants' part.

39. All Defendants' breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to the plaintiff.

40. As a direct and proximate result of defendants' unlawful conduct alleged in this complaint, plaintiff has lost substantial employment, including loss of reputation, lost wages, and other fringe benefits, the precise amount of which will be proven at trial.

41. As a further direct and proximate result of defendant's wrongful conduct, plaintiff has suffered extreme anguish, humiliation, and emotional distress, the extent of which is not fully

known at this time, but the amount of damages, the precise amount of which will be proven at trial.

42. In committing the acts described in this complaint, defendants were guilty of oppression, fraud, or malice in that Defendants acted maliciously by making untrue and false statements in order to steal plaintiffs clients while Defendants were hired by Plaintiff as consultants and to perform work on the case so that they would be able to defraud Plaintiff out of self interest and monetary gain. As a result, plaintiff is entitled to an award of exemplary or punitive damages.

WHEREFORE, plaintiff requests judgment against the defendant as set forth below.

## FORTH CAUSE OF ACTION FALSE PROMISE
## AS TO ALL DEFENDANTS

43. Plaintiff incorporates by this reference all allegations contained in this complaint, as though fully set forth here.

44. Plaintiff claims he was harmed because defendants made a false promise.

45. That defendants did not intend to perform this promise when they made it;

46. That defendants intended that plaintiff rely on this promise;

47. That plaintiff reasonably relied on defendants' promise;

48. That defendants did not perform the promised act;

49. That plaintiff was harmed;

50. That plaintiff's reliance on defendants' promise was a substantial factor in causing his harm.

WHEREFORE, plaintiff requests judgment against the defendant as set forth below.

## FIFTH CAUSE OF ACTION MISREPRESENTATION
## AS TO ALL DEFENDANTS

51. Plaintiff incorporates by this reference all allegations contained in this complaint, as though fully set forth here.

52. Plaintiff claims he was harmed because defendants misrepresented a fact.

53. That defendants represented to plaintiff that a fact was true;

54. That defendants' representation was not true;

Exhibit A 013

55. That although defendants may have honestly believed that the representation was true, defendant had no reasonable grounds for believing the representation was true when he made it;

56. That defendants intended that plaintiff rely on this representation;

57. That plaintiff reasonably relied on defendants' representation;

58. That plaintiff was harmed; and

59. That plaintiff's reliance on defendants' representation was a substantial factor in causing his harm.

60. WHEREFORE, plaintiff requests judgment against the defendant as set forth below.

### SIXTH CAUSE OF ACTION UNJUST ENRICHMENT
### AS TO ALL DEFENDANTS

61. Plaintiff incorporates by this reference all allegations contained in this complaint, as though fully set forth here.

62. By virtue of the conduct of Defendants as alleged herein, Defendants has been unjustly enriched in an amount to be proven at trial.

63. Defendants' retention of money gained through their deceptive practices would be unjust considering the circumstances under which funds were obtained.

64. The exact amount of Defendants' unjust enrichment is not presently known but will readily be proven at trial.

65. WHEREFORE, plaintiff requests judgment against the defendants as set forth below.

### SEVENTH CAUSE OF ACTION CONSTRUCTIVE TRUST
### AS TO ALL DEFENDANTS

66. Plaintiff incorporates by this reference all allegations contained in this complaint, as though fully set forth here.

67. By virtue of Defendants' fraudulent and otherwise wrongful acts, alleged herein, Defendant holds all gains, profits and advantages derived from his acts and violations of law in constructive trust for the benefit of Plaintiff.

68. Plaintiff is entitled to an order declaring that Defendants hold all gains, profits and advantages derived from their wrongful conduct and violation of law in constructive trust for the benefit of Plaintiff. Plaintiff is entitled to an order compelling Defendants to convey to Plaintiff all gains, profits and advantages that Defendants derived from their wrongful conduct. Plaintiff is

Exhibit A 014

entitled to an accounting of all monies owing to Plaintiff. Plaintiff is entitled to payment of the amount due from Defendants as a result of all of Defendants' wrongful conducts, and violations of Plaintiff's rights, together with interest at the legal rate from the date of such violations.

**WHEREFORE PLAINTIFF PRAYS for judgment against defendants and each of them as follows:**

1. For the sum of $300,000 for breach of contract.
2. For interest thereon at the rate of the contract.
3. For special damages according to proof.
4. For damages under California Civil Code section 1719
5. For punitive damages according to proof.
6. For costs of suit herein.
7. For such other and further relief as the court may deem just and proper.

Dated **January 7, 2021**

MICHAEL YADEGARI, ESQ
Attorney for Plaintiff

Exhibit A 015

Electronically FILED by Superior Court of California, County of Los Angeles on 01/08/2021 01:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael Yadegari SBN# 286514<br>640 S San Vicente Blvd #481<br>Los Angeles, CA 90048<br>TELEPHONE NO.: 310-779-9327   FAX NO.:<br>ATTORNEY FOR *(Name)*: PAGANI BEVERLY HILLS | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill St
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse on Hill St.

CASE NAME:
PAGANI BEVERLY HILLS

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ✔ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21STCV00774<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ✔ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>✔ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | | |

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ✔ monetary   b. ✔ nonmonetary; declaratory or injunctive relief   c. ✔ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is ✔ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/6/2021

MICHAEL YADEGARI
*(TYPE OR PRINT NAME)*                                              ▶ *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use                **CIVIL CASE COVER SHEET**               Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California                                                         Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                                             www.courtinfo.ca.gov

**Exhibit A 016**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
 Auto (22)–Personal Injury/Property Damage/Wrongful Death
 Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
 Product Liability (*not asbestos or toxic/environmental*) (24)
 Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business Practice (07)
 Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
 Partnership and Corporate Governance (21)
 Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]  **CIVIL CASE COVER SHEET**  Page 2 of 2

**Exhibit A 017**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/08/2021 01:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

| SHORT TITLE: PAGANI BEVERLY HILLS | CASE NUMBER 21STCV00774 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 2  ☑ HOURS/ ☐ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**Exhibit A 018**

| SHORT TITLE: PAGANI BEVERLY HILLS | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☑ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | Local Rule 2.0<br>Page 2 of 4 |
|---|---|---|

**Exhibit A 019**

| SHORT TITLE: PAGANI BEVERLY HILLS | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

Exhibit A 020

| SHORT TITLE: PAGANI BEVERLY HILLS | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| **REASON:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☑5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>ROBERTSON BLVD |
|---|---|
| CITY: LOS ANGELES, | STATE: CA  ZIP CODE: 90211 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___STANLEY MOSK___ courthouse in the ___LOS ANGELES___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __1/6/2021__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)  
LASC Approved 03-04  
**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**  
Local Rule 2.0  
Page 4 of 4

Exhibit A 021