**CALLAHAN & BLAINE, APLC**
Edward Susolik (State Bar No. 151081)
Raphael Cung (State Bar No. 201829)
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Defendants CORE NEXUS LLC, DANIEL LESIN, and ALEXANDER LESIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAGANI BEVERLY HILLS, a California corporation.<br><br>             Plaintiff,<br><br>   v.<br><br>CORE NEXUS LLC, DANIEL LESIN, ALEXANDER LESIN, and DOES 1-20,<br><br>             Defendants | Case No.<br>2:21-cv-01384 RSWL (MRWx)<br><br>Hon. Ronald S.W. Lew<br><br>**DEFENDANTS' ANSWER TO COMPLAINT;**<br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:  January 8, 2021<br>Case Removed:    February 16, 2021<br>No Trial Date |

Pursuant to FRCP Rule 8, Defendants Core Nexus LLC, Daniel Lesin, and Alexander Lesin ("Defendants") hereby respond as follows to the Complaint of Plaintiff Pagani Beverly Hills ("Plaintiff").

Defendants hereby use the headings in the Complaint for convenience and ease of reference only, which should not be construed as accepting any characterizations in such headings. The numbered paragraphs below correspond to the paragraphs in Plaintiff's Complaint.

## INTRODUCTION

1.  Defendants lack sufficient knowledge to either admit or deny the allegations in this paragraph, and therefore deny the same.

2.  Defendants admit that Defendant Core Nexus LLC is a limited liability company formed under the laws of Montana. Other than expressly admitted herein, Defendants deny all allegations in this paragraph.

3.  Defendants admit that Defendant Alexander Lesin is a resident of New York. Other than expressly admitted herein, Defendants deny all allegations in this paragraph.

4.  Defendants admit that Defendant Daniel Lesin is a resident of New York, and is a member of Core Nexus LLC. Other than expressly admitted herein, Defendants deny all allegations in this paragraph.

5.  Defendants lack sufficient knowledge to either admit or deny the allegations in this paragraph, and therefore deny the same.

6.  As this paragraph sets forth legal conclusions regarding personal jurisdiction, there are no factual allegations herein that Defendants can admit or deny.

7.  As this paragraph sets forth legal conclusions regarding personal jurisdiction, there are no factual allegations herein that Defendants can admit or deny.

## GENERAL ALLEGATIONS

8. Defendants reallege and incorporate by reference as though fully stated herein all responses to the paragraphs above.

9. Defendants deny all allegations in this paragraph.

10. Defendants deny all allegations in this paragraph.

11. Defendants deny all allegations in this paragraph.

12. Defendants deny all allegations in this paragraph.

13. Defendants deny all allegations in this paragraph.

14. Defendants deny all allegations in this paragraph.

15. Defendants deny all allegations in this paragraph.

16. Defendants deny all allegations in this paragraph.

17. Defendants deny all allegations in this paragraph.

18. Defendants deny all allegations in this paragraph.

19. Defendants deny all allegations in this paragraph.

20. Defendants deny all allegations in this paragraph.

21. This paragraph sets forth legal conclusions about solvency or insolvency, and there are no factual allegations that Defendants can either admit or deny.

22. Defendants deny all allegations in this paragraph, including but not limited to all subparagraphs thereof.

## FIRST CAUSE OF ACTION FOR FRAUD
### (Against All Defendants)

23. Defendants reallege and incorporate by reference as though fully stated herein all responses to the paragraphs above.

24. Defendants deny all allegations in this paragraph.

25. Defendants deny all allegations in this paragraph.

26. Defendants deny all allegations in this paragraph.

27. Defendants deny all allegations in this paragraph.

28. Defendants deny all allegations in this paragraph.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT
### (Against All Defendants)

29. Defendants reallege and incorporate by reference as though fully stated herein all responses to the paragraphs above.

30. Defendants deny all allegations in this paragraph.

31. Defendants deny all allegations in this paragraph.

32. Defendants deny all allegations in this paragraph.

33. Defendants deny all allegations in this paragraph.

34. Defendants deny all allegations in this paragraph.

## THIRD CAUSE OF ACTION FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against All Defendants)

35. Defendants reallege and incorporate by reference as though fully stated herein all responses to the paragraphs above.

36. Defendants deny all allegations in this paragraph.

37. Defendants deny all allegations in this paragraph.

38. Defendants deny all allegations in this paragraph.

39. Defendants deny all allegations in this paragraph.

40. Defendants deny all allegations in this paragraph.

41. Defendants deny all allegations in this paragraph.

42. Defendants deny all allegations in this paragraph.

## FOURTH CAUSE OF ACTION FOR FALSE PROMISE
### (Against All Defendants)

43. Defendants reallege and incorporate by reference as though fully stated herein all responses to the paragraphs above.

44. Defendants deny all allegations in this paragraph.

45. Defendants deny all allegations in this paragraph.

46. Defendants deny all allegations in this paragraph.
47. Defendants deny all allegations in this paragraph.
48. Defendants deny all allegations in this paragraph.
49. Defendants deny all allegations in this paragraph.
50. Defendants deny all allegations in this paragraph.

### FIFTH CAUSE OF ACTION FOR MISREPRESENTATION
### (Against All Defendants)

51. Defendants reallege and incorporate by reference as though fully stated herein all responses to the paragraphs above.
52. Defendants deny all allegations in this paragraph.
53. Defendants deny all allegations in this paragraph.
54. Defendants deny all allegations in this paragraph.
55. Defendants deny all allegations in this paragraph.
56. Defendants deny all allegations in this paragraph.
57. Defendants deny all allegations in this paragraph.
58. Defendants deny all allegations in this paragraph.
59. Defendants deny all allegations in this paragraph.
60. As this paragraph sets forth the relief sought by Plaintiff, there are no factual allegations herein that Defendants can either admit or deny.

### SIXTH CAUSE OF ACTION FOR UNJUST ENRICHMENT
### (Against All Defendants)

61. Defendants reallege and incorporate by reference as though fully stated herein all responses to the paragraphs above.
62. Defendants deny all allegations in this paragraph.
63. Defendants deny all allegations in this paragraph.
64. Defendants deny all allegations in this paragraph.
65. As this paragraph sets forth the relief sought by Plaintiff, there are no factual allegations herein that Defendants can either admit or deny.

## SEVENTH CAUSE OF ACTION FOR CONSTRUCTIVE TRUST
### (Against All Defendants)

66. Defendants reallege and incorporate by reference as though fully stated herein all responses to the paragraphs above.

67. Defendants deny all allegations in this paragraph.

68. Defendants deny all allegations in this paragraph.

## AFFIRMATIVE DEFENSES

In addition, Defendants allege on information and belief the following Affirmative Defenses against the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State A Cause of Action)

The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff is estopped by its conduct from recovering any relief sought in the Complaint, or in any purported cause of action therein.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver)

By his conduct, Plaintiff has waived any right to recover any relief sought in the Complaint, or in any purported cause of action alleged therein.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Plaintiff did not exercise ordinary care on its own behalf, and its own acts and omissions proximately caused and/or contributed to the loss, injury, damage, or

detriment alleged by Plaintiff, and Plaintiff's recovery from Defendants, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

### SIXTH AFFIRMATIVE DEFENSE

### (Contribution)

The claimed damages suffered by Plaintiff, if any, were a direct and proximate result of the negligence of parties, persons, corporations, and/or entities other than Defendants, and any liability of Defendants, which they expressly deny, is limited in direct proportion to the percentage of fault actually attributable to Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

At all times, Defendants were acting in good faith.

### EIGHTH AFFIRMATIVE DEFENSE

### (Intervening / Superseding Causes)

The injuries and damages of which Plaintiff complain were proximately caused by or contributed to by the acts of parties other than Defendants, and such acts were an intervening, superseding, and primary cause of such injuries and damage, such that any alleged breach of duty or alleged wrongful act or omission of Defendants alleged in the Complaint was not a proximate cause of Plaintiff's alleged damages.

### NINTH AFFIRMATIVE DEFENSE

### (Conduct Was Justified)

The conduct of Defendants in regard to the matters alleged in the Complaint was justified, and by reasons of the foregoing, Plaintiff is barred from any recovery as against Defendants.

**TENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault Of Third Parties)**

The incident and injuries, if any, suffered by Plaintiff were proximately caused and contributed to by the negligence of third parties, and said third parties failed to exercise reasonable care at and prior to the time of such injuries; by reason thereof, any recovery by Plaintiff against Defendants must be reduced by an amount equal to the proportionate fault of such third parties.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Accord And Satisfaction)**

Plaintiff's claims are precluded because there has been an accord and satisfaction between Plaintiff and Defendants, and any of them.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure Of Consideration)**

To the extent that Plaintiff's claims are based on any alleged contracts, such claims are precluded because there was a failure in consideration.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Illegality)**

Plaintiff's claims are barred due to the illegality of his conduct, and/or the proposed conduct that he sought from Defendants that is illegal.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Statute Of Frauds)**

Plaintiff's claims are barred due to the statute of frauds, which makes unenforceable one or more of the contracts claimed by Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(*In Pari Delicto*)**

Even if Defendants were at fault with respect to the matters alleged in the Complaint, which Defendants expressly deny, Plaintiff was also at fault, and

therefore can make no recovery and are barred from recovering any damages in this action under the doctrine of *in pari delicto*.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Excuse)

The performance by Defendants of any acts complained of by Plaintiff was excused due to Plaintiff's own wrongful conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

The injuries and damages alleged in the Complaint were foreseeable to Plaintiff; Plaintiff had the opportunity to avoid such damages by taking affirmative action within Plaintiff's capacity to prevent the alleged damages; Plaintiff failed to take those actions necessary to avoid the damages alleged, and therefore Plaintiff is precluded from recovering any damages which were avoidable.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure To Exercise Due Diligence)

Plaintiff failed to exercise due diligence, and any damages alleged by Plaintiff are the direct result of Plaintiffs' failure.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Not Appropriate)

Any award of punitive damages would constitute a fine or criminal penalty in violation of the United States Constitution, the California Constitution, and any and all other applicable laws. As such, any award of punitive damages against Defendants would not be appropriate under Federal or state law, as Defendants have not been guilty of oppression, fraud, or malice as required by Civil Code § 3294.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Privilege)

At all relevant times, Defendants' conduct was privileged under the law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Damages Claimed Are Speculative)

Plaintiff's claims for damages are speculative and uncertain, and therefore not recoverable in this action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

Plaintiff has failed to mitigate its damages, if any, thus relieving Defendants of responsibility for such damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Right To Amend And Add Additional Affirmative Defenses)

Defendants reserve the right to assert additional defenses to the extent that such additional defenses arise as discovery and investigation continue.

### PRAYER FOR RELIEF

Wherefore, based on Defendants' non-liability to Plaintiff, Plaintiff's inability to prove the elements of any and all cause of action that it has alleged, and/or one or more of Defendants' affirmative defenses, Defendants Core Nexus LLC, Daniel Lesin, and Alexander Lesin pray for the following relief in this action:

1. That Plaintiff Pagani Beverly Hills take nothing by way of its Complaint, and judgment thereon be rendered in favor of Defendants;

2. That litigation costs be awarded to Defendants; and

3. For any and all other relief that the Court may deem warranted.

Dated: March 3, 2021                    **CALLAHAN & BLAINE, APLC**

By: _____
Edward Susolik
Raphael Cung
Attorneys for Defendants CORE NEXUS LLC, DANIEL LESIN, and ALEXANDER LESIN

## **DEMAND FOR JURY TRIAL**

Consistent with the Seventh Amendment of the U.S. Constitution, and any applicable statute or other law, Defendants Core Nexus LLC, Daniel Lesin, and Alexander Lesin hereby request a trial by jury of any and all claims so triable.

Dated: March 3, 2021    **CALLAHAN & BLAINE, APLC**

By: _____
Edward Susolik
Raphael Cung
Attorneys for Defendants CORE NEXUS LLC, DANIEL LESIN, and ALEXANDER LESIN

# CERTIFICATE OF SERVICE

*Pagani Beverly Hills v. Core Nexus LLC et al.*
USDC, Central, Case No.: 2:21-cv-01384 RSWL (MRWx)

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is **3 Hutton Centre Drive, Ninth Floor, Santa Ana, California 92707**.

On March 3, 2021, I served the following document(s) described as

**DEFENDANTS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

on the interested parties in this action by placing: ☐ the original ☒ a true copy to the following e-mail addresses as follows:

Please see attached "Service List"

☒ **BY EMAIL:** I transmitted the foregoing documents by electronic mail to the party(s) identified on the attached service list by using the electronic mail as indicated. Said electronic mail was verified as complete and without error.

☐ **BY MAIL:** I deposited such envelope in the mail in Santa Ana, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 3, 2021, at Santa Ana, California.

   */s/ Maria Martinez*
   Maria Martinez

# SERVICE LIST

*Pagani Beverly Hills v. Core Nexus LLC et al.*
USDC, Central, Case No.: 2:21-cv-01384 RSWL (MRWx)

| | |
|---|---|
| Michael Yadegari<br>LAW OFFICES OF MICHAEL YADEGARI<br>287 South Robertson Blvd., Suite 221<br>Beverly Hills, CA 90211<br>Telephone: (310) 779-9327<br>Email: yadegariesq@gmail.com | Attorneys for Plaintiff, PAGANI BEVERLY HILLS |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM