1 **CALLAHAN & BLAINE, APLC**
Edward Susolik (State Bar No. 151081)
2 Raphael Cung (State Bar No. 201829)
Joseph F. Klatt (State Bar No. 258110)
3 3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
4 Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Defendants CORE NEXUS LLC, DANIEL LESIN, and ALEXANDER LESIN

Michael Yadegari (SBN 286514)
**Law Office of Yadegari & Associates**
287 South Robertson Blvd Suite 221
Beverly Hills, CA 90211
Telephone: (310) 779-9327

Attorneys for Plaintiff PAGANI BEVERLY HILLS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAGANI BEVERLY HILLS, a California corporation.<br><br>Plaintiff,<br><br>v.<br><br>CORE NEXUS LLC, DANIEL LESIN, ALEXANDER LESIN, and DOES 1-20,<br><br>Defendants | Case No.<br>2:21-cv-01384 RSWL (MRWx)<br><br>Hon. Ronald S.W. Lew<br><br>**JOINT RULE 26(F) REPORT**<br><br>Complaint Filed: January 8, 2021<br>Case Removed: February 16, 2021<br>No Trial Date |

Pursuant to Federal Rule of Civil Procedure 26(f), and this Court's March 11, 2021 Order, counsel for Plaintiff PAGANI BEVERLY HILLS ("Plaintiff") and Defendants CORE NEXUS, LLC; DANIEL LESIN; and ALEXANDER LESIN. ("Defendants") met and conferred on April 12, 2021, through April 17, 2021, and submit this Joint 26 (f) Report pursuant to the Court's Order Setting Initial Scheduling Conference and ADR Deadlines.

## I. STATEMENT OF THE CASE

### A. Plaintiff's Statement

Plaintiff's contends that Defendants each and all of them defrauded Plaintiff by breaching the contract that was made between them after Plaintiff wired Defendants $300,000 for the Ferrari Monza ("vehicle"). Plaintiff was ready willing and able to buy the vehicle at all times relevant to this incident. In fact Defendant never had the ability to obtain the Ferrari Monza and established a ponzi scheme to defraud multiple persons and/or companies. Defendants would pay the other persons and/or companies from monies received from others who were defrauded in order to settle similar claims as this lawsuit. Plaintiff was reasonable when trying to contact defendants about the purchase and found out that the entire transaction was fraudulent after speaking to a representative of Ferrari. The Ferrari representative stated that the order number provided for the vehicle was completely fraudulent. Further, the Ferrari representative stated that the Federal Bureau of Investigation ("FBI") was already investigating complaints of fraud against the defendants. This contact between Plaintiff and the Ferrari representation was not to poison the Defendant's relationship with Ferrari but instead to ascertain how deep the fraud was.

At the time of the contract, Plaintiff had a buyer for the Ferrari Monza who was willing to pay two million five hundred thousand ($2,500,000). The contract for the Ferrari Monza was one million three hundred and fifty thousand ($1,350,000). The profit from the sale would have been one million one hundred and fifty

thousand ($1,150,000). Not only did Plaintiff get defrauded his three hundred thousand dollar ($300,000) deposit, he lost the profit from the sale and his reputation has been diminished by his client due to the fraudulent acts of the Defendants. Plaintiff asserts seven causes of action including 1. FRAUD 2. BREACH OF CONTRACT 3. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING 4. FALSE PROMISE 5. MISREPRESENTATION 6. UNJUST ENRICHMENT 7. CONSTRUCTIVE TRUST

### B. Defendant's Statement

Defendant Core Nexus, and its principal Daniel Lesin, are involved in the purchase and sale of exotic cars. Lesin and his family have collectively owned some 75 Ferraris, and they have a strong and longstanding relationship with Ferrari. This unique relationship allowed them to go through a specialized application process, and order a Ferrari Monza, an extraordinarily rare and special vehicle.

Pagani itself deals in exotic cars, but did not have the history or relationship with Ferrari to acquire a Monza from Ferrari itself. Pagani agreed to purchase the Monza from Core Nexus, and under the terms of the agreement, put down a non-refundable deposit of $300,000. This was intentionally built into the agreement, because Core Nexus had a non-refundable deposit with Ferrari. The transaction required discretion, because if Ferrari knew the car would be resold by Core Nexus, it would cancel the sale of the Monza. Ferrari is incredibly specific and controlling on who can own its highest end vehicles.

Pagani got cold feet on the transaction, and started demanding its deposit back. More than that, one of its agents began calling and harassing the Lesin family, calling at least 40 times. Pagani also began calling multiple Ferrari dealerships complaining about the transaction. This was an intentional act to poison the relationship with Ferrari, and it succeeded. Ferrari canceled the sale of the Monza, making the transaction with Pagani impossible. It has also caused undetermined,

but immense damages to Core Nexus and the Lesins, whose unique and profitable relationship with Ferrari has been irreparably damaged.

Pagani's deposit was non-refundable, and its own actions in spiking the sale of the Monza not only obviate all of its damage claims, but expose it to a massive counterclaim for the intentional and/or negligent interference with its Ferrari relationship, damage to its brand, and the lost expectation damages not only for the Pagani contract, but the future lost business in Ferrari resales.

## II. SUBJECT MATTER JURISDICTION

This matter was initially filed in California State Court. It was removed under diversity jurisdiction, 28 USC § 1332 as the parties are from different states, and the amount in controversy exceeds $75,000. The Court will have supplemental jurisdiction over any additional counterclaims or cross-claims under 28 USC § 1367.

## III. LEGAL ISSUES

### A. Plaintiff's Statement

Plaintiff asserts seven causes of action including 1. FRAUD 2. BREACH OF CONTRACT 3. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING 4. FALSE PROMISE 5. MISREPRESENTATION 6. UNJUST ENRICHMENT 7. CONSTRUCTIVE TRUST.

### B. Defendant's Statement

The primary issues in this case are the terms of the contract, performance, and breach. The contract attached to the Plaintiff's complaint is unsigned, and does not even mention Defendants Core Nexus or the Lesins. Plaintiff also alleges fraud, but there is no indicia of any fraudulent intent, nor is any credible, because the relationship with Ferrari was more valuable than the contract with Pagani, and neither Core Nexus nor Lesin had any incentive to destroy a decade's long relationship with the premier exotic car manufacturer on the planet.

The secondary issue is the damages that Pagani has intentionally caused to the Defendants' business relationships. The damages caused by this interference dwarf

the deposit claim by Pagani. Not only is it more than a full offset, it is the basis for a significant counterclaim by the Defendants.

## IV. PARTIES, EVIDENCE, ETC.

### A. List of Parties

- Plaintiff PAGANI BEVERLY HILLS
- Defendants CORE NEXUS, LLC; DANIEL LESIN; and ALEXANDER LESIN

### B. List of Percipient Witnesses

Based on the information reasonably available at this time, prior to initial disclosures or written discovery, the parties anticipate the following witnesses:

- Alexander Lesin
- Daniel Lesin
- Vincent Gould
- PMK for Pagani Beverly Hills
- PMK for Core Nexus, LLC
- Jason Claxton
- Jason Pitack
- Rick Intile/Putnam Leasing
- Austin Steelman FBI
- Cashin Zhang
- There are possible other witness that may come forward.

### C. Key Documents on the Main Issues of the Case

#### 1. Plaintiff's List of Key Documents

- Any and all correspondence between parties
- Wire Receipt of the transfer of money
- Purchase Order

### 2. Defendant's List of Key Documents

The key documents are the written contractual documents between the parties. Any and all correspondence surrounding the contract and its performance. Financial documents to demonstrate damages and offsets related to Pagani's interference with Core Nexus' relationship with Ferrari.

## V. DAMAGES

### A. Plaintiff's Realistic Range of Provable Damages

Plaintiff seeks $ 1,450,000 in lost profits and recovery of the $300,000 deposit. Plaintiff also seeks damages in the amount of $500,000 for emotional distress. Plaintiff is also entitled to Court costs and any other fees the Court deems appropriate. Plaintiff reserves the right to revise these numbers upon further treatment and discovery.

### B. Defendant's Realistic Range of Provable Damages

Unknown at this time. Defendants' damages are at least enough to offset any claim by the Plaintiff. Highly specialized expert analysis will be needed to assess damages to Defendant's brand and business relationships, and lost present and future sales of Ferraris and other exotics. It is well into the millions of dollars.

## VI. INSURANCE

### A. Defendant's Statement

Defendants are still ascertaining coverage.

## VII. MOTIONS

### A. Plaintiff's Statement

Plaintiff reserves the right to file a dispositive motion on any or all causes of action in this case. Although unknown at this time, motions *in limine* may be appropriate to limit the evidence presented at trial. Defendant reserves the right to file motions *in limine*.

**B.     Defendant's Statement**

Upon discovery, Defendant anticipates moving for leave to file a counterclaim against Pagani, potentially a summary judgment/adjudication motion, and a motion for a protective order if the parties cannot agree on terms to protect proprietary business information and financials.  No other discovery motions are anticipated at this point, but Defendants reserve their right to file discovery motions if complications arise in discovery.

**VIII.  MANUAL FOR COMPLEX LITIGATION**

This case is not complex. There is no need for reference to the procedures set forth in the Manual for Complex Litigation.

**IX.    EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and are taking all reasonable steps to preserve any available evidence. The Parties have discussed the preservation and production of electronically stored information.  Plaintiff may be asking Defendant to perform electronic searches and will proposed search terms.  The Parties will work together to form an ESI plan.  The parties will meet and confer on this issue.

**X.     STATUS OF DISCOVERY & INITIAL DISCLOSURES**

**A.     Summary of Completed Discovery**

No discovery has yet been conducted. The parties will provide initial disclosures on or before **May 10, 2021**.

**1.     Plaintiff's Position**

Plaintiff anticipate the deposition of percipient witnesses and "persons most knowledgeable" after initial disclosures, an initial round of discovery—possibly with follow-up—and third party discovery.  Plaintiff anticipate initial written discovery within 90 days after the conference, and depositions to start at approximately 120 days.  The specific order and timing has yet to be determined and is contingent on discovery and availability

### 2. Defendant's Position

Defendants anticipate the deposition of percipient witnesses and "persons most knowledgeable" after initial disclosures, an initial round of discovery—possibly with follow-up—and third party discovery. Defendants anticipate initial written discovery within 90 days after the conference, and depositions to start at approximately 120 days. The specific order and timing has yet to be determined and is contingent on discovery and availability

## XI. DISCOVERY PLAN

### A. Anticipated Deponents & Date of Deposition

- Plaintiff
- Defendants
- Defendant's person most knowledgeable

### B. Conducting Discovery

#### 1. Plaintiff's Position

Plaintiff intends to propound Interrogatories, Requests for Admission, and Requests for Production of Documents. Plaintiff also intends to subpoena documents within Defendant's possession if necessary. Plaintiff intends to take Defendant's experts deposition and the deposition of other witnesses including Defendant's person most knowledgeable, as necessary. The timing of this discovery is uncertain due to the coronavirus pandemic and the related lockdown orders.

#### 2. Defendant's Position

Defendants anticipate at least one, and likely two rounds of initial written discovery, which will focus on the contractual documents and terms, as well as claimed damages. Following written discovery, Defendants anticipate the depositions of the principals for Core Nexus and Pagani, as well as the depositions of collateral witnesses, not all of whom have been ascertained at this point.

Defendants anticipate third party discovery related to the Ferrari transaction and the injuries Plaintiff's conduct has caused. Defendants also anticipate at least

one expert in exotic cars to establish damages and lost expectancy, and also potentially an expert on future lost profits. Defendants are aiming for key percipient depositions within 180 days, contingent on written discovery being timely responded to, without motion.

### C. Conducting Discovery in Phases

Phased discovery should not be needed.

### D. E-Discovery

The Parties have discussed the preservation and production of electronically stored information. Should Plaintiff ask Defendant to perform electronic searches, he will propose search terms. The Parties will work together to form an ESI plan.

## XII. DISCOVERY CUT-OFF

The parties propose that non-expert discovery be completed by the dates proposed in **Exhibit A**.

## XIII. EXPERT DISCOVERY

The parties propose that non-expert discovery be completed by the dates proposed in **Exhibit A**.

## XIV. DISPOSITIVE MOTIONS

### A. Plaintiff's Statement

Plaintiff reserves the right to file a dispositive motion on any or all causes of action in this case. Plaintiff reserves the right to file motions in limine.

### B. Defendant's Statement

Defendants reserve the right to move for summary judgment, terminating sanctions in the event of egregious discovery abuse, and motions in limine that may be dispositive. Further pleadings challenges are not anticipated by Defendant absent amendment of the pleadings or joinder of new parties; however, Defendant may move to a counterclaim, which could open up pleadings challenges by Plaintiff.

## XV. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

No significant settlement negotiations have occurred. Plaintiff asks the Court for ADR Option 1, a Magistrate Judge. Defendants prefer Option 3, private dispute resolution.

## XVI. TRIAL ESTIMATE

Plaintiff estimates the length of trial to be five (5) to seven (7) court days. Defendant estimates seven (7).

## XVII. TRIAL COUNSEL

### A. Plaintiff's Trial Counsel

Plaintiff's trial counsel will be Michael Yadegari

### B. Defendant's Trial Counsel

Defendant's trial counsel will be Edward Susolik and Joseph F. Klatt.

## XVIII. INDEPENDENT EXPERT OR MASTER

The Parties do not anticipate an Independent Expert or Master, pursuant to Fed. R. Civ. P. 53 or an independent scientific expert is needed.

## XIX. TIME TABLE

The parties' proposed schedule or pre-trial and trial dates is attached to the Joint Report as Exhibit A.

## XX. OTHER ISSUES

### A. Plaintiff's Statement

Plaintiff may seek a protective order to preclude the discovery and use of Plaintiff's records. Should Plaintiff's prior personnel, and subsequent personnel records be discoverable, Plaintiff may further seek a stipulated protective order to protect the confidentiality of said records and to strictly limit its use to this litigation.

### B. Defendant's Statement

Defendants will seek a confidentiality/protective order to protect any proprietary business information or financials. Defendants anticipate that Plaintiff

1 will require similar protections for its business and finances, and will negotiate in
2 good faith for a stipulated order.
3      Pursuant to Local Rule 5-4.3.4(a)(2)(i), I certify that all other signatories
4 listed, on whose behalf the filing is submitted, concur in the filing's content and
5 have authorized the filing.

7 Dated: April 26, 2021      **CALLAHAN & BLAINE, APLC**

By:
  */s/ Edward Susolik*
Edward Susolik
Raphael Cung
Joseph F. Susolik
Attorneys for Defendants CORE NEXUS LLC, DANIEL LESIN, and ALEXANDER LESIN

13 Dated: April 26, 2021      **YADEGARI & ASSOCIATES**

By:
  */s/ Michael Yadegari*
Michael Yadegari
Attorneys for Plaintiff PAGANI BEVERLY HILLS

**EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

| Case No. | 2:21-cv-01384 RSWL (MRWx) |
|---|---|
| Case Name | Pagani Beverly Hills v. Core Nexus LLC, et al. |

| Matter | Weeks before trial | Plaintiff's Request | Defendant's Request | Court's Order |
|---|---|---|---|---|
| [X] Jury Trial or [ ] Court Trial **(Tuesday at 8:30 a.m.)** Length: 7 Court Days | | 2/7/22 | 8/22/22 | |
| For Court Trial Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | | 6/1/22 | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine | 4 | 1/8/22 | 7/25/22 | |
| For Jury Trial Lodge Pretrial Conference Order, LR 16-7; File Agreed Set of Jury Instructions and Verdict Forms; File Statement Regarding Disputed Instructions, Verdicts, etc. File Oppositions to Motions in Limine | 6 | 12/26/21 | 7/11/22 | |
| For Jury Trial File Memo of Contentions of Fact and Law, LR 16-4 Exhibit & Witness Lists, LR 16-5-6; File Status Report Regarding Settlement; File Motions in Limine | 7 | 12/26/21 | 7/1/22 | |
| Last date to conduct ADR Proceeding, LR 16-5 | 12 | 11/14/21 | 5/30/22 | |
| Last day for **hearing** motions, LR 7 **Tuesday 10:00 a.m.** | 14 | 11/30/21 | 5/10/22 | |
| Non-expert Discovery Cut-off | 21 | 1/13/22 | 3/28/22 | |
| Expert Disclosure (initial) | 24 | 7/13/21 | 3/7/22 | |
| Expert Disclosure (rebuttal) | 19 | 8/12/21 | 4/11/22 | |
| Expert Discovery Cut-Off | 14 | 12/26/21 | 11/30/21 | |
| Last Date to Amend Pleadings or Add Parties | | anytime | 12/10/21 | |
| LR 16-15 ADR Choice | | 1. USMJ | 3: Private ADR | |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM